**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3663-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JON S. THOMAS-EL,
a/k/a JON S. THOMAS EL,
JON THOMASEL, and
J THOMAS EL,

     Defendant-Appellant.

_____

Submitted May 11, 2021 – Decided June 1, 2021

Before Judges Yannotti and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-11-3144.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on January 17, 2020, which denied his petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged under Camden County Indictment No. 16-11-3144 with second-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count one); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (count two); and third-degree theft, N.J.S.A. 2C:20-3(a) (count three).

Thereafter, defendant agreed to plead guilty to count three, and the State agreed to dismiss the remaining charges and recommend that the court sentence defendant to probation, conditioned on defendant serving 180 days in the county jail. At the plea hearing on December 15, 2016, defendant provided a factual basis for his plea. He admitted that on August 26, 2016, he was in Cherry Hill. He said he took a cell phone from C.J., with the purpose of depriving her of the phone. The judge accepted the plea.

Defendant was sentenced on January 20, 2017. The judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense); six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's criminal record and the seriousness of the offenses for which he has been

2

convicted); and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The judge reviewed defendant's criminal history and noted that he had three municipal court convictions and four convictions in Superior Court, which included terroristic threats, arson, aggravated assault or attempted murder, and certain persons not to possess weapons. Defendant also has a juvenile record. The judge found no mitigating factors.

The judge sentenced defendant in accordance with the plea agreement to five years of probation, conditioned on his serving 180 days in the county jail. Defendant signed the form entitled, "New Jersey Judiciary Standard Conditions of Adult Probation." Among other things, the conditions required defendant to comply with all laws and ordinances and submit to drug or alcohol testing at any time, as directed by his probation officer.

The judge informed defendant that if he violates the conditions of probation, he could be sentenced to up to five years in New Jersey State Prison. The judge filed a judgment of conviction (JOC) dated January 26, 2017.

On May 12, 2017, defendant appeared in court on a charge of violating the conditions of probation (VOP). Defendant acknowledged that he tested positive for phencyclidine (PCP) on January 30, February 21, March 21, and

3

April 4, 2017. The parties agreed to continue probation and allow defendant a sixty-day period in which to comply with the conditions of probation.

On August 14, 2017, defendant was again charged with VOP after testing positive for PCP on May 16 and May 30, 2017. The State sought the imposition of a five-year prison term, with two-and-one-half years of parole ineligibility. Defendant sought additional time in which to show that his positive tests were due to drug use prior to May 12, 2017, when he pled guilty to VOP.

The judge noted that in July 2017, the parties had agreed defendant would be evaluated by the Treatment Assessment Services for Courts (TASC), and the TASC evaluator had recommended defendant's participation in an intensive outpatient treatment program. The judge continued probation, conditioned on defendant's compliance with the TASC recommendation.

In November 2017, defendant was again charged with VOP. Defendant appeared in court on January 5, 2018. He admitted that he tested positive for PCP on September 12 and October 10, 2017.

Defendant stated that he had been placed in a SODAT[1] program for drug treatment due to his addiction to PCP. He said that, while he was in that

---

[1] Services to Overcome Drug Abuse Among Teenagers of New Jersey, Inc. (SODAT) is a non-profit agency which provides people of all ages with substance abuse counseling, education, prevention, and treatment services.

A-3663-19

program, he had tested positive for PCP five times. He acknowledged that he had been administratively discharged from the SODAT program for non-compliance.

The judge revoked probation and sentenced defendant to a five-year term of incarceration with one year of parole ineligibility. The judge found that aggravating factors three, six, and nine remained, and there were no mitigating factors at the time the initial sentence was imposed or at that time. The judge filed a JOC dated January 12, 2018.

Defendant appealed from the JOC and the appeal was heard on our excessive sentence oral argument calendar. The court affirmed the sentence. State v. Thomas-El, No. A-3333-17 (App. Div. Sept. 25, 2018) (slip op. at 1). The court's order stated that defendant's sentence was not manifestly excessive or unduly punitive and did not constitute an abuse of discretion. Ibid.

Thereafter, defendant filed a motion pursuant to Rule 3:21-10(b)(1) for reconsideration of his sentence to drug treatment. The court entered an order dated April 16, 2019, denying the motion.

On November 7, 2018, defendant filed a petition for PCR, and the court assigned counsel for defendant. PCR counsel filed a brief in which he argued that defendant had been denied his constitutional rights to effective assistance

of counsel, due process of law, and a fair trial. PCR counsel asserted that defendant received an illegal sentence, and defendant's trial attorney failed to argue that the initial sentence and the sentence imposed after probation was revoked were illegal.

Defendant submitted a "second" petition in which he asserted that when he waived a hearing on his second VOP, he did so only because his trial attorney had "promised" he would receive a maximum custodial term of three or four years. He stated that he would not have stipulated to a VOP if he had known he would be sentenced to five years of incarceration, with one year of parole ineligibility.

On January 17, 2020, the PCR court heard oral argument on the petition and placed its decision on the record. The judge found that defendant had not presented a prima facie case of ineffective assistance of counsel, and defendant's initial sentence and the sentence imposed after probation was revoked were legal. The court found defendant was not entitled to an evidentiary hearing on his petition. The judge entered an order denying PCR. This appeal followed.

On appeal, defendant argues:

> AS DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR

A-3663-19

COURT ERRED WHEN IT DENIED HIS PETITION WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

More specifically, defendant argues that the PCR court erred when it denied his petition without conducting an evidentiary hearing. He contends his trial counsel was deficient for failing to object to the sentence imposed after probation was revoked.

Defendant contends the sentencing judge violated State v. Baylass, 114 N.J. 169 (1989), by impermissibly considering his VOPs as a contributing factor when the judge imposed the maximum five-year term of imprisonment. He further argues that the sentence was illegal because the judge initially imposed probation without finding any mitigating factors.

II.

We first consider the State's contention that defendant's challenge to the sentence is barred by Rule 3:22-5. The rule states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . , or in any appeal taken from such proceedings." Ibid.

Rule 3:22-5 bars PCR when "'the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41, 51 (1997) (quoting State v. McQuaid, 147 N.J. 464, 484 (1997)). Here, the record shows that the issues raised on PCR regarding the sentence were raised and adjudicated in defendant's appeal from the JOC dated January 12, 2018. As noted previously, in that prior appeal, this court affirmed the sentence.

Although defendant now presents his arguments regarding the sentence as a claim of ineffective assistance of counsel, the claim is "substantially equivalent" to the claims raised and adjudicated in the prior appeal. Afanador, 151 N.J. at 51. Thus, defendant's claim of ineffective assistance of counsel regarding the sentence is barred by Rule 3:22-5.

III.

Although defendant's claims are barred under Rule 3:22-5, the PCR court addressed the merits of the claims. Therefore, we will address defendant's contention that he was denied the effective assistance of counsel with regard to his sentence.

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established by the Supreme Court of the United States

in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). Under that test, a defendant "must show that counsel's performance was deficient." <u>Strickland</u>, 466 U.S. at 687. The defendant must establish that the attorney's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687-88.

The defendant also must show "that the deficient performance prejudiced the defense." <u>Id.</u> at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Ibid.</u>

Here, the PCR court found that defendant had not presented a prima facie case of ineffective assistance of counsel. The judge noted that when defendant was first sentenced, the court did not find any mitigating factors. The judge stated that the only mitigating factor that could have been found would have been mitigating factor ten, N.J.S.A. 2C:44-1(b)(10) ("defendant is particularly likely to respond affirmatively to probationary treatment").

The judge noted that even if that mitigating factor had been found, the aggravating factors still would have outweighed the one mitigating factor. Moreover, the court had sentenced defendant in accordance with the negotiated plea agreement, which provided for probation, conditioned upon defendant serving 180 days in the county jail. The PCR judge found that counsel's failure to object and insist upon a finding of mitigating factor ten did not constitute ineffective assistance of counsel.

The judge further found defendant was not denied the effective assistance of counsel with regard to the sentence imposed following the second VOP. The judge stated that resolution of the first VOP had been negotiated "freely and voluntarily," and the court had continued probation. Defendant later pled guilty to the second VOP, which resulted in the imposition of the five-year custodial term, with one year of parole ineligibility.

The judge rejected defendant's claim that the sentence was imposed in violation of Baylass. The judge noted that after the second VOP, the court again weighed the aggravating and mitigating factors. The judge pointed out that aggravating factors three, six, and nine continued to apply, and mitigating factor ten was inapplicable because defendant "had not responded affirmatively to

probationary treatment." The judge emphasized that the court had twice found defendant violated the conditions of probation.

We are convinced the record supports the PCR court's finding that defendant failed to show his attorney's performance was deficient. The record further supports the PCR court's finding that if counsel erred in the handling of the sentencing proceedings, defendant had not shown any such error "would have changed the outcome of the case."

As noted, on appeal, defendant argues that, when imposing the sentence following the second VOP, the judge violated Baylass by relying upon his VOPs as a factor in imposing the maximum custodial term of five years. We disagree.

In Baylass, the Court stated that a defendant's violations of probation "are neither aggravating factors nor evidence of those factors." 114 N.J. at 176. When the trial "court decides to impose a custodial sentence, it must again weigh the aggravating and mitigating factors . . . ." Ibid. Moreover, "[t]he only aggravating factors the court may consider are those that existed at the time of the initial sentencing." Ibid.

The trial court may, however, consider "a defendant's character and amenability to probation" in weighing the mitigating factors. Id. at 177. In weighing the aggravating and mitigating factors, "the court should consider the

aggravating factors found to exist at the original hearing and the mitigating factors as affected by the probation violations." Id. at 178.

Here, the record shows that when the judge sentenced defendant following the second VOP, she found aggravating factors three, six, and nine, which were the same aggravating factors found when defendant was first sentenced to probation. The judge also found that no mitigating factors applied. Had the judge initially found mitigating factor ten, it was clear that, after two VOPs, that mitigating factor did not apply.

There is nothing in the record to support defendant's contention that the judge treated his two VOPs as aggravating factors for the sentence. Furthermore, the judge properly reweighed the three aggravating factors against the lack of mitigating factors and determined that a five-year custodial term, with one year of parole ineligibility, was warranted. As the PCR court found, the sentence was imposed in conformity with Baylass.

We also reject defendant's contention that the PCR court erred by failing to conduct an evidentiary hearing on his petition. Because defendant failed to present a prima facie case for PCR, there were no material issues of fact in dispute, and the existing record was sufficient to address defendant's claims, an

12

evidentiary hearing was not required.  State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)).


Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION